Peter José Smith
430 W. 400 S.
Provo, UT 84601
(801) 356-2345
josesmith@usa.com
attorney for himself
or pro-se.

FILED
U.S. DISTRICT COURT

2008 JUN 27 P 12: 36

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

In the United States District Court
District of Utah, Central Division

Peter José Smith
        Plaintiff,

    vs.

Nu Skin Enterprises
        Defendant,

Memorandum in support
of Plaintiff's Motion
for (against) NO summary judgment
and a continuation of
the case.

Civil No: 2:07-CV-00694-TS
Judge: Ted Stewart

Note: Case should not be dismissed
with Prejudice. Plaintiff has a right
to appeal to the state if need be a fulfill
the requirement of precedent. Case should
be put on hold until opportunity permits.
Plaintiff will only appeal to another court if prejudice is granted

Ray, Quinney & Nebeker's motion to dismiss my case against Nu Skin is not valid and should not be granted. Allow me to elaborate:

1. Ray, Quinney & Nebeker claim 1st of all that my claims under the ADA fail because I did not exhaust all my administrative remedies. Not true. I did. First, I went to my team leader Alex Fisher. He wanted to help me and told me so but said he did not have the authority to but could arrange for me to meet with someone who did. So I met with Mr Theurer. He told me he could arrange for me to work 20 hours but no less. As my disabilities did not permit me to accept, I turned him down and arranged to meet with a representative of Human Resources, Lisa Killpack. Lisa Killpack did not even listen to me but told me I was going to be terminated because I couldn't work the hours previously agreed upon. I told her I was unaware my disabilities would prevent me from doing so, having not worked in a year or two and my physical condition (malformed pelvis) had worsened. I told her her allegation that I was lacking in integrity because I didn't keep my agreement was false because I didn't know I wouldn't be able to.

I told Lisa Killpack that I needed her to accommodate my disability by allowing me to work 10 hours, as physically and mentally, I could not work 20 hours. I had trouble sitting down or standing up for that many hours. When previously employed at Sento, I did not have the problem. In the several years since leaving Sento on my own violition, my condition had deteriorated. Furthermore, I needed medication for my bipolar disorder in order to work and without disability benefits, I could not afford the medication. I asked Lisa Killpack why Nu Skin couldn't accommodate my disability if they could spend millions donating food to malnourished children through their Nourish The Children program. What would it hurt to make an exception to their head count rule for my disabilities, to accommodate them. She refused to listen to me and ordered me to leave. She never gave me a chance to explain in detail why I needed such accommodation. Seeing no alternative, I appealed to the president of the company, since Lisa had mentioned that pertinent Human Resources personnel had approved the decision to terminate me. I explained in detail to the president and his siblings "The Roneys", my situation and appeals to their sense of justice and compassion. told them how Lisa said I was "shady", "fraud

The president did not turn down my appeal but referred the case to Robert Fuller, one of Nu skin's in-house lawyers. He said my request to be rehired and given back my job as I had been wrongfully terminated and my civil rights as an American with Disabilities had been violated was denied and I would not be rehired by Nu skin at that time or any time in the future. I therefore threatened a lawsuit. That's when Nu skin hired an outside firm to deal with me. They tresspassed me from Nu skin and all my appeals from that time forward were referred to that law firm, Ray, Quinney & Nebeker. I spoke to the Disability Law Center about the case and was told they couldn't help me. They suggested I go ahead and file the lawsuit. They mentioned the E.E.O.C. and Labor Division as options but I told them that on 2 previous occasions when my disability was not accommodated by previous employers, I never got anywhere complaining to them because the previous employers failed to tell the truth about the circumstances of our parting of ways and so it was my word against theirs and so the appeal w.

Having become familiar with Employment Law that when the employer would not admit their wrongdoing even when it was fairly obvious to a reasonable adult, and seeing that Nu Skin was not taking responsibility for their mistakes just as the 2 previous employers did, I foresaw the same outcome, a game of he-said, she-said. I wish I had Lisa Killpack on tape saying she wouldn't accommodate my disability. I wish there was a tape recording of our interview. However, my memory is clear of what was said and although Lisa takes no responsibility for her wrong actions, I know she wronged me and Ray, Quinney and Nebeker cannot argue that away or make valid excuses for her. She was wrong, she misjudged me and Nu Skin compounded the error by backing her up. So, the Disability Law Center recommended that I bypass the E.E.O.C and the Labor Department as I had exhausted that "administrative remedy" in the past to no avail and Nu Skin had the same attitude as those 2 previous employers who also refused to take accountability for their actions. Therefore, Ray, Quinney and Nebeker's claim that I have have failed to seek

"administrative remedies" false. For that reasoning, I hence do make a motion that Ray, Quinney and Nebeker's in the 1st argument is invalid and summary judgment should not be taken since I have exhausted my administrative remedies, as I see it and as recommended by the Disability Law Center. I exhausted all administrative remedies at Nu Skin. However, if the court sees it to be necessary, I move to put this case on hold while I file a complaint with the E.E.O.C. and the Labor Dept. It should not be dismissed on a technicality. I therefore request that the court not dismiss my charges, as they are valid. I am under economic hardship because Nu Skin would not accommodate my disability and I could not afford to waste months wrangling with them uselessly through the E.E.O.C. or the Labor Division. Nu Skin's attitude determined such action would be in vain and the Disability Law Center agreed. I therefore exhausted my administrative remedies and Ray, Quinney & Nebeker argument does not hold water or make sense to me.

Plaintiff was not aware he had only 300
days to appeal. Since 300 days are up,
plaintiff asks that requirement to appeal
to the E.E.O.C. or a state non-discrimination
agency be waived, as plaintiff was
not aware of said requirement. The Disability
Law Center is an anti-discrimination agency
in the state of Utah, albeit a private one,
and so the requirement to file with someone
could be construed to have been met, even
though there there is no written documentation,
the appeal is written in plaintiff's mind in bold print
and is filed away in plaintiff's memory.
Hence, summary judgment should <u>not</u> issue.

② Any claim of slander should not be
dismissed because of lack of publication. It has
This case is public record and I been
have heard from several people who are (Published!)
aware of me being called "shady",
"fraudulent" and "lacking in integrity"
by Lisa Killpack. Thus, I have been
slandered publicly. This has been done
intentionally and deliberately by NuSkin,
who, rather than use their own lawyers,
who were fully capable, hired an outside firm

A number of people at Nu Skin are aware that Lisa Killpack called me "a little shady" and thus my reputation has been harmed, so much so that Nu Skin will not rehire me "at this time or any time in the future". Lisa has thus made a false statement to a number of third persons. It was not "that bad of slander" but it was bad enough. For these reasons, summary judgment must __not__ issue on Plaintiff's slander claim.

Lisa has blackened my name with Nu Skin and made it so I can't be rehired, in my humble opinion. I infer that would preclude me from being a distributor as well, so Lisa's slander has affected my economic outlook as well. I had hoped to sell G-3 juice and energy bars to all the people I know and Lisa's slander has led to me being blackballed from doing that as well.

For the above stated reasons, Plaintiff Peter José Smith respectfully requests the court not to dismiss his claims in their entirety and

Respectfully, Peter José Smith, 6/27/08